## Richmond

Marshall W. Butler v. Washington Refrigeration Service Company.

January 15, 1973.

Record No. 7944.

Present, All the Justices.

_Lawrence J. Pascal (Ashcraft and Gerel,_ on brief), for plaintiff in error.

_Albert H. Grenadier (Fagelson, Schonberger, Billowitz and Grenadier,_ on brief), for defendant in error.

Per Curiam.

Plaintiff, Marshall W. Butler, filed a motion for judgment alleging that he received injuries as a result of the negligence of Washington Refrigeration Service Company (Washington Refrigeration) "in failing to replace a protective shield over . . . refrigeration motors and in failing to warn of a hazardous condition of which it knew, or in the exercise of due care, should have known existed."

The evidence showed that Washington Refrigeration had contracted with Grand Union Company to maintain and repair the refrigeration equipment at its supermarket No. 620, located in Fairfax County, where plaintiff was employed. Plaintiff was injured while

sweeping under a refrigeration compressor at the supermarket when his broom came in contact with the exposed belt and pulley that operated the compressor.

After hearing the plaintiff's evidence, the trial court overruled defendant's motion to strike for failure to establish a prima facie case sufficient in law but sustained a motion to dismiss the proceeding because the Workmen's Compensation Act, Title 65.1 of the Code of Virginia, provided the exclusive remedy for the plaintiff.

Plaintiff assigned as error the granting of defendant's motion to dismiss because the plaintiff's exclusive remedy was under the Workmen's Compensation Act. The defendant assigned as cross-error the refusal of the trial court to grant its motion to strike plaintiff's evidence for failure to present a prima facie case sufficient in law.

Assuming, without deciding, that Washington Refrigeration was an "other party" under Code §65.1-41 and that Workmen's Compensation was not the exclusive remedy, we find that the evidence, stated in the light most favorable to plaintiff, was not sufficient as a matter of law to establish that Washington Refrigeration was guilty of negligence that proximately caused Butler's injury.

The record discloses that Grand Union had a number of compressors which operated the cooling system for frozen food in the supermarket. They were located in a back room on a rack that contained two tiers. The particular compressor involved in plaintiff's accident was located on the bottom tier. Plaintiff testified positively that all of the compressors had protective shields over the belts and pulleys when he last swept between them two weeks prior to the accident, and that the compressor in which the broom became entangled had no such shield at the time of the accident. He stated he was so sure the compressors were equipped with protective shields that he did not look before sweeping under them.

On March 23, 1967, a week before the accident, Paul Ballenger, Washington Refrigeration's employee who was called as a witness for plaintiff, made an inspection and service call at the supermarket. He stated on cross-examination that on that occasion he never touched any shields on the bottom tier where the compressor involved was located.

Thomas Dove, manager of the store, testified that no one but Washington Refrigeration had authority to work on the refrigeration equipment, and that there was no shield on the compressor involved when plaintiff was injured.

The evidence as to Washington Refrigeration's alleged negligent acts or omissions was speculative only. There was no evidence that

the shield was missing from the compressor involved immediately after Ballenger's service call on March 23, 1967. The refrigeration equipment was not under the exclusive control of Washington Refrigeration, and there was no evidence that any of its employees removed the shield in question or that, if one of them removed it, he failed to replace it. Nor was there any showing that Washington Refrigeration knew or should have known that the shield was missing on the date of plaintiff's injury, and it was not negligent, therefore, for failure to "warn of a hazardous condition."

The judgment appealed from will be

*Modified and affirmed.*